**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**VINCENT E. HENDERSON**                                                      **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:19-cv-142-KS-MTP**

**HOWARD'S INC.,** *et al.*                                                **DEFENDANTS**

### FINAL ORDER TO SUBMIT FINANCIAL INFORMATION

THIS MATTER is before the Court on Plaintiff's Motions [2] [4] [6] for Leave to Proceed *in forma pauperis*. Plaintiff filed Motion [2] to proceed *in forma pauperis* on September 23, 2019. Plaintiff did not provide a complete financial picture in his affidavit and left several categories blank. For example, he wrote that he spent zero dollars a month on housing, utilities, and food. *See* Mot. [2] at 4-5. The Court directed Plaintiff to file an amended financial affidavit by October 9, 2019. Order [3].

On October 11, 2019, Plaintiff filed Motion [4] to proceed *in forma pauperis*. The updated affidavit included several pieces of conflicting information. For example, the income column represented Plaintiff was employed, but the numbers did not add up to the total represented by Plaintiff. On another page in the application, Plaintiff represented that he was not employed, despite what was listed under his income. Plaintiff was again directed to file an amended financial affidavit that listed how much income he received every month and how much he spent. Order [5]. Plaintiff was advised that if he failed to submit the required information his motion to proceed without paying the filing fee might be denied. *Id*.

On October 30, 2019, Plaintiff submitted a second amended financial affidavit. Mot. [6]. The undersigned is aware that Plaintiff has attempted to comply with the Court's orders, but the final affidavit still does not provide a clear picture of Plaintiff's financial resources. Under income sources, Plaintiff lists that he makes $3,600 a month from Intown Suites. *Id*. at 1. Yet,

1

under expenses, Plaintiff lists that he pays $3,600 a month to Intown Suites.[1]  *Id*. at 6. Additionally, despite listing numbers under the income and expenses categories, under totals Plaintiff lists that he makes zero dollars a month and spends zero dollars a month.  *Id*. at 4, 7. With this conflicting data, the undersigned is without sufficient information to determine Plaintiff's financial status.

In making the IFP determination, the Court may consider the total monetary resources available to Plaintiff.  28 U.S.C. § 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.1988); *see also Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (holding that § 1915 applied to non-prisoners as well as prisoners). [2]  "A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship." *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).

An incomplete financial affidavit is grounds to deny a motion to proceed *in forma pauperis*.  *In re Stoller*, 328 Fed. App'x 623, 624 (Fed. Cir. 2008); *Weston v. Cain*, 2011 WL 1832887, at *2 (E.D. La. May 13, 2011).  Failing to list income and expenses with specificity "deprives the court of the opportunity to determine whether plaintiff is financially entitled to proceed IFP."  *Armstrong v. San Antonio Housing Authority*, 2004 WL 2397577, at *1 (W.D. Tex. Sept. 24, 2004).

---

[1] Plaintiff also states that he is homeless, but his references to "Intown Suites" suggests he is living there.

[2] 28 U.S.C. § 1915 discusses prisoners, but it also applies to individuals who are not incarcerated. Plaintiff is not incarcerated.

Plaintiff has not provided his complete financial status and has not listed his income and expenses with specificity or coherency. The undersigned has repeatedly instructed Plaintiff to cure these deficiencies, but the latest financial affidavit is as unclear as the first. Plaintiff will be provided one final opportunity to comply.

Plaintiff is directed to submit a clear and complete financial affidavit to the Court by **November 15, 2019**. Plaintiff should fill out the form as neatly and completely as possible. If necessary, he may seek assistance from friends or family. Plaintiff bears the burden to demonstrate that he is indigent, and if he does not clearly demonstrate his lack of financial resources his motions may be denied.

SO ORDERED, this the 4th day of November, 2019.

/s/Michael T. Parker
United States Magistrate Judge