IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VINCENT E. HENDERSON**                                                           **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:19-CV-142-KS-MTP**

**HOWARD'S INC.,** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the Motions to Dismiss [29, 31] filed by Defendants Sean Acker and Will Hayes. Plaintiff's employment discrimination claims against Acker and Hayes are dismissed with prejudice.

### I. BACKGROUND

This is an employment discrimination case filed by an African-American man employed as a welder by Howard Industries, Inc. ("Howard"). Plaintiff's pleading is somewhat unclear, but he apparently alleges that Defendants wrongfully accused him of bullying a coworker and terminating his employment. He named Howard and several individuals as Defendants. The charge of discrimination he filed with the EEOC contains similar factual allegations. Plaintiff contends that he and a white coworker engaged in the same behavior – arguing and trying to grab a tank at the same time. Plaintiff alleges that while Howard initially suspended both of them, it allowed the white employee to come back to work after two days, but fired Plaintiff and put him on a "no-rehire" list.

Two of the individual Defendants filed Motions to Dismiss [29, 31]. Plaintiff

filed a motion for an extension of time to respond to the motions, and the Court granted an extension. Plaintiff failed to respond, and the motions are ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III. ACKER MOTION TO DISMISS [29]

First, Defendant Sean Acker argues that he can not be liable under Title VII because he was not Plaintiff's employer. "An 'employer' under Title VII is a 'person in an industry affecting commerce who has fifteen or more employees . . . .'" *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001) (quoting 42 U.S.C. § 2000e(b)). This definition "includes one or more individuals, governments, governmental

agencies, [or] political subdivisions . . . ." 42 U.S.C. § 2000e(a). A supervisor may be "considered an 'employer' under Title VII if he wields the employer's traditional rights, such as hiring and firing." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). But if the supervisor exercises such power in their official – rather than individual – capacity, it "is necessarily exercised . . . by a person who acts as an agent of the corporate . . . body he represents. Because the wrongful acts are performed in his official capacity, any recovery . . . must be against him in that capacity, not individually." *Id.*

It is apparent from Plaintiff's pleading and EEOC charge that Acker was neither his employer nor a supervisor that wielded the traditional rights of an employer. Rather, Acker was the coworker with whom Plaintiff had a disagreement. Therefore, Acker can not be liable under Title VII, and Plaintiff's claims against him must be dismissed.

### IV. HAYES MOTION TO DISMISS [31]

Among other things, Defendant Will Hayes argues that Plaintiff failed to exhaust his administrative remedies. Before seeking judicial relief under Title VII, plaintiffs must "exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination." *Davis v. Fort Bend County*, 893 F.3d 300, 303 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)). "[A]n employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of

the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). The "question is whether the charge has stated sufficient facts to trigger an EEOC investigation, and to put an employer on notice of the existence and nature of the charges against him." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272-73 (5th Cir. 2013).

Plaintiff's charge of discrimination with the EEOC does not include any allegations concerning Hayes. Exhibit A, *Henderson v. Howard Indus., Inc.*, No. 2:19-CV-142-KS-MTP (S.D. Miss. Apr. 7, 2020), ECF No. 36-1. He did not identify Hayes as his employer or as a supervisor. He did not even name Hayes in the EEOC charge. Therefore, the Court concludes that the charge does not include sufficient facts to put Hayes on notice that Plaintiff had charged him personally with any violations of Title VII. Accordingly, Plaintiff did not exhaust his administrative remedies with respect to his claims against Defendant Hayes, and the Court must dismiss them.

## V. CONCLUSION

For these reasons, the Court **grants** Defendants' Motions to Dismiss [29, 31]. Plaintiff's claims against Defendants Sean Acker and Will Hayes are dismissed.

SO ORDERED AND ADJUDGED this 8th day of May, 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE