IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VINCENT E. HENDERSON**                                                                   **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 2:19-CV-142-KS-MTP**

**HOWARD'S INC.,** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the Motions to Dismiss [50, 52, 54, 56] filed by Defendants Therrell Woullard, Michael Howard, B. W. Howard, and Howard Industries, Inc.

## I. BACKGROUND

This is an employment discrimination case filed by a man employed as a welder by Howard Industries, Inc. ("Howard"). Plaintiff's pleading is somewhat unclear, but he apparently alleges that Defendants wrongfully accused him of bullying a coworker and terminated his employment. He named Howard and several individuals as Defendants.

Plaintiff filed the case in September 2019 – a year ago – and the Court has been unable to hold a Case Management Conference or enter a Case Management Order. Plaintiff has displayed a pattern of inattention and neglect, starting with his failure to respond to the Court's orders to provide financial information in support of his motion to proceed in forma pauperis. The Court was not able to issue summons until five months after the case had been filed.

On July 2, 2020, Defendants filed Motions to Dismiss [50, 52, 54, 56]. The Court entered an order [60] setting a briefing schedule and mailed a copy of the order to Plaintiff on July 6, 2020. The order was returned to the Court as undeliverable [61] on August 4, 2020, almost a month later.

Two days later, Plaintiff called the Clerk's office and advised that he had a new mailing address. The next day, he called the chambers of the undersigned judge and said that he had not received copies of the pending motions or the Court's scheduling order for briefing, although he clearly knew they existed and that he needed to file a response of some sort. Plaintiff represented that he had moved, but he had failed to inform the Court or opposing counsel of his new address. The Clerk updated Plaintiff's address on the docket and mailed copies of the Motions to Dismiss [50, 52, 54, 56] and the Court's scheduling order [60] to Plaintiff.

On August 24, the Court received another Notice of Change of Address [62] from Plaintiff, along with a Motion [63]. Therein, Plaintiff represented that he is "working on a contract job," and he requested that his mail be sent to the new address. He did not represent how long the job would last. He asked for additional "time to handle this case."

On August 25, 2020, the Court entered an Order [64] granting Plaintiff's motion insofar as he sought an extension of time to respond to the pending motions to dismiss. The Court ordered Plaintiff to respond on or before September 8, 2020. The Court specifically warned Plaintiff that there would be no additional extensions.

Plaintiff did not file a response, and the motions are ripe for the Court's review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III. THERRELL WOULLARD'S MOTION TO DISMISS [50]

Defendant Therrell Woullard argues that the Court must dismiss Plaintiff's claims against him because he was not Plaintiff's employer. "An 'employer' under Title VII is a 'person in an industry affecting commerce who has fifteen or more employees . . . .'" *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001) (quoting 42 U.S.C. § 2000e(b)). This definition "includes one or more individuals, governments,

3

governmental agencies, [or] political subdivisions . . . ." 42 U.S.C. § 2000e(a). A supervisor may be "considered an 'employer' under Title VII if he wields the employer's traditional rights, such as hiring and firing." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). But if the supervisor exercises such power in their official – rather than individual – capacity, it "is necessarily exercised . . . by a person who acts as an agent of the corporate . . . body he represents. Because the wrongful acts are performed in his official capacity, any recovery . . . must be against him in that capacity, not individually." *Id.*

Plaintiff has not pleaded facts demonstrating that Therrell Woullard was his "employer." It's not clear from Plaintiff's pleading whether Woullard was even his supervisor, much less whether he exercised the traditional powers of an employer. Therefore, according to Plaintiff's version of the facts, Woullard can not be liable under Title VII, and the Court **grants** his Motion to Dismiss [50].

### IV. MICHAEL HOWARD'S MOTION TO DISMISS [52]

Defendant Michael Howard also argues that the Court must dismiss Plaintiff's claims against him because he was not Plaintiff's employer. Although Plaintiff named Michael Howard as a Defendant, he did not allege any facts concerning him. It is not clear from Plaintiff's pleading whether Michael Howard was even employed by Howard Industries, much less whether he exercised the traditional powers of an employer. Therefore, according to Plaintiff's version of the facts, Michael Howard can not be liable under Title VII, and the Court **grants** his Motion to Dismiss [52].

4

## V. B. W. HOWARD'S MOTION TO DISMISS [54]

Defendant B. W. Howard argues that the Court must dismiss Plaintiff's claims against him because he was not Plaintiff's employer. Although Plaintiff named "Billy" Howard as a Defendant, he did not allege any facts concerning him. It is not clear from Plaintiff's pleading whether B. W. Howard was even employed by Howard Industries, much less whether he exercised the traditional powers of an employer. Therefore, according to Plaintiff's version of the facts, B. W. Howard can not be liable under Title VII, and the Court **grants** his Motion to Dismiss [54].

## VI. HOWARD INDUSTRIES, INC.'S MOTION TO DISMISS [56]

Defendant Howard Industries argues that Plaintiff did not plead sufficient facts to state a claim of racial discrimination under Title VII. To state a claim of racial discrimination under Title VII, Plaintiff must allege facts demonstrating

> that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kansas City S. R.R. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

First, Howard argues that Plaintiff did not allege that he is a member of a protected class. Howard is correct. Plaintiff's Complaint [1] contains no reference to race – whether his or anyone else's. Moreover, Plaintiff did not allege that he was discriminated against because of his race. Rather, he asserted claims of "unlawful

5

discrimination" and "wrongful termination."[1]

Next, Howard argues that Plaintiff did not plead any facts demonstrating that he was qualified for his position. Howard is correct. Plaintiff's Complaint [1] contains no facts related to Plaintiff's qualifications or job performance.

Finally, Howard argues that Plaintiff did not plead any facts demonstrating that he was treated differently than a similarly situated employee who was not a member of Plaintiff's protected class. Again, Howard is correct. Plaintiff did not allege any facts demonstrating that "he was treated less favorably because of his membership in [his] protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee*, 574 F.3d at 259.[2]

Therefore, the Court finds that Plaintiff did not plead sufficient facts to state a claim of racial discrimination under Title VII, and it **grants** the Motion to Dismiss [56] filed by Howard Industries.

## VII. CONCLUSION

For these reasons, the Court **grants** the Motions to Dismiss [50, 52, 54, 56] filed by Defendants Therrell Woullard, Michael Howard, B. W. Howard, and Howard

---

[1] Plaintiff alleged in his Charge of Discrimination [35-1] that Defendant discriminated against him because of his race, and that he is African-American. However, Plaintiff did not refer to or attach a copy of the charge to his Complaint [1]. The Court may not consider a charge of discrimination neither referenced in nor attached to the operative pleading when addressing a motion under Rule 12(b)(6). *Banks v. Hazlehurst Schools*, 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016).

[2] Plaintiff alleged in his Charge of Discrimination [35-1] that Defendant suspended and fired him, but only temporarily suspended a white coworker who engaged in the same conduct. However, Plaintiff did not refer to or attach a copy of the charge to his Complaint [1].

Industries, Inc.

The Fifth Circuit has said that "[a]lthough a court may dismiss [a] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000). Therefore, Plaintiff may file a motion seeking leave to amend and correct the pleading deficiencies discussed in this opinion. The motion must be filed on or before **October 1, 2020**. In light of Plaintiff's history of delay in this matter, the Court will closely scrutinize any requests for extensions of deadlines. If Plaintiff does not file a timely motion for leave to amend, the Court will enter a final order dismissing this case with prejudice.

SO ORDERED AND ADJUDGED this 17th day of September, 2020.

                                                      /s/     Keith Starrett
                                                        KEITH STARRETT
                                       UNITED STATES DISTRICT JUDGE